UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                            CASE NO. 8:21-cr-42-MSS-AAS

JOSE VINCENTE MONTANO GRANJA

## UNITED STATES' SENTENCING MEMORANDUM

The United States submits this memorandum for the sentencing hearing for defendant, Jose Vicente Montano Granja.

## FACTUAL & PROCEDURAL BACKGROUND

On September 30, 2021, the defendant pleaded guilty to Count One of the Indictment, charging him with a conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States.

These charges arose out of a January 27, 2021 interdiction by the U.S. Coast Guard Cutter CAMPBELL of a go-fast vessel (GFV) crewed by the defendant and his co-defendants, in the international waters of the eastern Pacific Ocean, attempting to smuggle over 450 kilograms of cocaine from South America into Central America.

The defendant admitted and stipulated that he and his coconspirators were detected in international waters and attempted to evade law enforcement while jettisoning packages of cocaine. Doc. 84, at ¶¶ 11-12. A Coast Guard helicopter fired warning shots at the GFV and the vessel ultimately stopped, though the defendant and his coconspirators were further observed jettisoning what appeared to be personal items. *Id*. at ¶ 12.

A search of the debris field resulted in the seizure of 62 bales of a substance that field-tested positive for cocaine, and the total approximate weight of the seized contraband was 1,266 kilograms. *Id*. at ¶ 14. Final laboratory results remain pending due to the backlog of drug exhibits needing analysis across the country; however, the amount seized was substantially in excess of 450 kilograms and there is no objection to Probation's base offense level calculation.

## GUIDELINE CALCULATIONS, MANDATORY MINIMUM PENALTIES & SENTENCING RECOMMENDATION

In the PSR, the United States Probation Office ("USPO") determined that the defendant's applicable guideline range is 188-235 months imprisonment, accounting for the defendant having a prior federal trafficking conviction in the Southern District of Florida. This range also accounts for a three (3) level downward adjustment for acceptance of responsibility and no adjustment for the "safety valve" provision found in USSG §5C1.2. Count One carries a mandatory minimum term of imprisonment of 10 years. 21 U.S.C. § 960 (b)(1)(B)(ii).

For the reasons articulated below, the United States contends that the guideline calculations contained in the defendant's PSR are correct and that the defendant is not eligible for a sentence below the mandatory minimum in accordance with the statutory safety valve.

## § 5C1.2 & 18 U.S.C. § 3553(f): Safety Valve

In order to qualify for safety valve relief, the defendant bears the burden of proof to show, among other things, that he does not have "a prior 3-point offense, as determined under the sentencing guidelines." USSG §5C1.2(a)(1)(B); 18 U.S.C. § 3553(f)(1)(B); *United States v. Garcon*, 997 F.3d 1301, 1303 n.1 (11th Cir. 2021). In determining a defendant's applicable criminal history category, three points are added "for each prior sentence of imprisonment exceeding one year and one month." USSG. §4A1.1(a).

In the current case, Montano Granja has a prior federal trafficking conviction meeting the criteria for a three-point addition to his criminal history category. Specifically, Montano Granja was previously convicted in the Southern District of Florida of conspiring to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States. Doc. 84, at ¶ 31. On or about December 28, 2011, Montano Granja was sentenced to 46 months' imprisonment for this offense. *Id*.

In objecting to the denial of a safety valve reduction, Montano Granja does not object to the prior conviction or the USPO's application of three criminal history points. Instead, he relies on a recent Ninth Circuit opinion applying a conjunctive

reading to § 3553(f)(1) requiring additional categories of prior convictions to deny safety valve relief. *See United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021).

The Eleventh Circuit reached a contrary conclusion in *United States v. Garcon*. 997 F.3d 1301 (11th Cir. 2021). In that case, the Eleventh Circuit applied the plain meaning of "and" to reach the conclusion that in the context of § 3553(f)(1) it had its ordinary, disjunctive meaning. *Id*. at 1304-1305 (internal citations omitted). Applying the canon against surplusage, the Eleventh Circuit determined that a conjunctive reading would render § 3553(f)(1)(A) superfluous because subsections (B) and (C) would otherwise subsume it under the Ninth Circuit's interpretation. *Id*. at 1305.

The Eleventh Circuit's disjunctive reading of § 3553(f)(1) is controlling here, and though *Lopez* followed *Garcon* – albeit by three days – the Eleventh Circuit has not reevaluated this circuit split. Consequently, Montano Granja was correctly denied a safety valve reduction for his prior conviction.

**CONCLUSION**

Based on the foregoing, the United States respectfully requests that this Honorable Court apply the sentencing guidelines as calculated in the defendant's PSR. The United States will make a more detailed sentencing recommendation to the Court based on the evidence presented at the sentencing hearing and the relevant factors detailed in 18 U.S.C. § 3553(a).

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Daniel M. Baeza*
Daniel M. Baeza
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Defense Counsel of Record

                                        */s/ Daniel M. Baeza*
                                        Daniel M. Baeza
                                        Assistant United States Attorney
                                        USAO No. 164
                                        400 N. Tampa Street, Suite 3200
                                        Tampa, Florida 33602-4798
                                        Telephone:    (813) 274-6000
                                        Facsimile:    (813) 274-6358
                                        E-mail: Daniel.Baeza@usdoj.gov