UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                          CASE NO.8:21-cr-42-T-MSS-AAS

JOSE VINCENTE MONTANO GRANJA,

    Defendant.
_____/

## SENTENCING MEMORANDUM

Defendant **JOSE VINCENTE MONTANO GRANJA,** by and through undersigned counsel, submits this sentencing memorandum to aid the Court in determining an appropriate sentence under 18 U.S.C. § 3553(a), and states the following in support:

## I. BACKGROUND AND PERSONAL CHARACTERISTICS

Under 18 U.S.C. §3553(a)(1), this Court must consider Mr. **MONTANO GRANJA'**s history and personal characteristics when determining an appropriate sentence.  Jose Vicente Montano Granja is a 40-year old Colombian male who was born in Buenaventura, Colombia, where he has resided for the majority of his life, was educated as far as the twelfth grade and currently has 3 dependents, which are his girlfriend of 31 years and his minor children.  He was born into poverty and has struggled throughout his life to support his family, starting to work at a young age (11) since the death of his father when he was 9 years

USA v. JOSE VINCENTE
     MONTANO GRANJA
8:21-cr-42-T-MSS-AAS
Montano-Granja Sentencing
    Memorandum

of age.  The Defendant's mother is still alive and was sickened when she learned of the Defendant's arrest on this charge, as he had daily contact with her and had been caring for her because of her age and health.  He was very close to both of his parents throughout his life.  When the Defendant was young his father provided for the family, but the poor nature of the family made food to be scarce but his father always assured that there was something for the family to eat.  Being the eldest male child, the Defendant woke up every day with the mentality that if he made money that meant there would be food to eat that day.  The defendant did not have time to play sports or engage in other activities due to his responsibilities towards his family.  The poverty that the Defendant struggled through was a major motivating factor in the commission of this offense as well as his prior offense in 2011.

**II. GUIDELINES ADVISORY SENTENCE**

Defendant plead guilty to count I being Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine While Aboard a Vessel Subject to the Jurisdiction of the United States; pursuant to the plea agreement count 2 of the Indictment should be dismissed at sentencing.  Considering the amount of drugs involved, the

USA v. JOSE VINCENTE
    MONTANO GRANJA
8:21-cr-42-T-MSS-AAS
Montano-Granja Sentencing
    Memorandum

statute to which Defendant plead guilty calls for a ten-year minimum prison sentence to be imposed on the Defendant.  The Defendant's advisory guidelines is level 35 and based on the Defendant's prior conviction for Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine While Aboard a Vessel Subject to the Jurisdiction of the United States, which adds three points to his criminal history calculation for a total criminal history category II,  the advisory Guidelines sentence is between 188-235 months, and the plea agreement provides that the Government would not object to a sentence at the low end of the Guidelines.

**III. FAILING TO APPLY THE 2018 FIRST STEP ACT "SAFETY VALVE" PROVISION AND IMPOSING A MANDATORY TERM OF TEN YEARS AMOUNTS TO THE IMPOSITION OF AN ILLEGAL SENTENCE**

That the Defendant plead guilty to a crime that requires the imposition of a ten-year minimum mandatory prison sentence, and objected to the Pre Sentence Report's failure to award the "Safety Valve" provision of the First Step Act which amended the "safety valve" provision of 18 U.S.C. §3553(f), passed in 2018 which amended the "safety valve" provision in that to be disqualified from obtaining the benefit of the "safety valve" provision, which provides:

USA v. JOSE VINCENTE
    MONTANO GRANJA
8:21-cr-42-T-MSS-AAS
Montano-Granja Sentencing
   Memorandum

> (1) a defendant does not have:
>     (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>     (B) a prior 3-point offense, as determined under the sentencing guidelines; **and**
>     (C) a prior 2-point violent offense, as determined under the sentencing guidelines; (emphasis added).

Although there are five separate provisions of the "Safety Valve", and the Defendant must show by a preponderance of the evidence that he qualifies for same, the Pre-Sentence Report shows that he qualifies for subsections (2)-(4), and the Defendant otherwise proffered with Agents from the Government to qualify for subsection (5), hence he has satisfied the other four provisions under the First Step Act.  At issue herein is whether the word "and" actually has the meaning "and" as a conjunctive or whether it should be replaced by the word "or" as a disjunctive.  The issue was resolved favorably for the Defendant by the Ninth Circuit in the case of United States v. Lopez, No. 19-50305 (9th Cir. 2021) when on 5-21-21 the Ninth Circuit found that "and" means "and", requiring that the "Safety Valve" provisions apply to defendants unless a defendant has all three of the (1)(A) through (1)(C) disqualifiers.  However, this Court is bound by the precedent in United States v. Garcon, 997 F.3d 1301 (11th Cir. 2021) which was decided three days before the Ninth Circuit's opinion in Lopez wherein the Eleventh

USA v. JOSE VINCENTE
     MONTANO GRANJA
8:21-cr-42-T-MSS-AAS
Montano-Granja Sentencing
   Memorandum

Circuit refused to apply the plain meaning of the word "and" in finding that "and" really means "or", holding that a defendant who has any of the (1)(A) through (1)(C) disqualifiers is ineligible for the "Safety Valve" application.  Respectfully, the Eleventh Circuit is wrong in its holding, especially given the fact that the Eleventh Circuit considered the text and structure of 18 U.S.C. §3553(f)(1) in deciding the "and" is disjunctive but ignored the policy and purpose of Congress when the statute was enacted. Garcon at 1306.

   The Eleventh Circuit further ignored the Rule of Lenity that requires courts to construe ambiguous criminal statutes narrowly in favor of the accused, stating that the Rule only applies when the statute contains a "grievous ambiguity" that requires the court to guess at what Congress intended, yet would not avoid any guesswork by considering the legislative intent of the First Step Act (reduce the number of inmates in federal prison) which would be dispositive.  This Congressional intent was considered by the Lopez court and cited in the Lopez opinion in footnote 6 on page 10: statement of Sen. Bill Nelson asserting that the First Step Act "will allow judges to . . . use their discretion to craft an appropriate sentence to fit the crime".

USA v. JOSE VINCENTE
    MONTANO GRANJA
8:21-cr-42-T-MSS-AAS
Montano-Granja Sentencing
    Memorandum

The Ninth Circuit in Lopez rejected the Government's request for the court to essentially construe and rewrite the statute to substitute "or" for the word "and" in l8 U.S.C. §3553(f)(l), which is exactly what the Eleventh Circuit did in the Garcon case. The Ninth Circuit stated that the "and" provision is unambiguous and the inquiry should end there. However, the Eleventh Circuit went further to essentially re-write the statute. The Ninth Circuit found that utilizing the Senate's own legislative drafting manual, § 3553(f)(1)'s structure as a conjunctive negative proof, and utilizing the canon of consistent usage—the panel held that § 3553(f)(1)'s "and" is unambiguously conjunctive. Lopez at l1-14.

The Lopez court found the language of the statute to be clear and unambiguous and stated: "Although Congress may amend the statute, we may not." Lopez at l7 and 28. The Eleventh Circuit re-wrote the statute thus Defendant is entitled to the application of the "Safety Valve" provision, obtaining relief from the minimum mandatory ten—year sentence.

## IV. MR. MONTANO GRANJA'S REQUEST FOR VARIANCE

Considering 18 U.S.C. §3553(a)(l)-(7), the Probation Officer preparing the Defendant's Pre-Sentence Report identified factors

USA v. JOSE VINCENTE
    MONTANO GRANJA
8:21-cr-42-T-MSS-AAS
Montano-Granja Sentencing
   Memorandum

that warrant a sentence that would constitute a variance from the advisory Guidelines sentence, to wit: the defendant's background which includes poverty, the death of his father at an early age, and having to work from the age of 11. PSR paragraph 73 at 13-14.  As outlined in paragraph I of this memorandum, supra, the facts supporting a variance based on factors outlined in 18 U.S.C. §3553(a) are present in Mr. Montano Granja's case and the Court should grant the Defendant a sentencing variance.

   **WHEREFORE**, Defendant **MONTANO GRANJA** requests that this Court find that the Defendant is eligible for the Safety Valve provision of 18 U.S.C. §3553(f)(l) allowing the Defendant to be sentenced below the minimum mandatory ten-year sentence and to award a variance from the advisory Guidelines and impose a term of imprisonment of eighty months in the Bureau of Prisons as a sentence which would be sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

**DATED** this 9th day of January, 2022.

Respectfully submitted,

USA v. JOSE VINCENTE
     MONTANO GRANJA
8:21-cr-42-T-MSS-AAS
Montano-Granja Sentencing
   Memorandum


_____/s/ RON SMITH, ESQUIRE_____
ATTORNEY FOR DEFENDANT GRANJA
8293-86th Avenue North
Largo, FL 33777
(727) 919-4832
RONBO204X@AOL.COM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 9, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of the electronic filing to counsel of record.


_____/s/ RON SMITH, ESQUIRE_____
ATTORNEY FOR DEFENDANT GRANJA