UNITED STATES OF AMERICA

    v.                              CASE NO. 8:21-cr-42-MSS-AAS

JIMMY REINA ESCOBAR

## **UNITED STATES' SENTENCING MEMORANDUM**

The United States submits this memorandum for the sentencing hearing for defendant, Jimmy Reina Escobar.

## **FACTUAL & PROCEDURAL BACKGROUND**

On September 30, 2021, the defendant pleaded guilty to Count One of the Indictment, charging him with a conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States.

These charges arose out of a January 27, 2021 interdiction by the U.S. Coast Guard Cutter CAMPBELL of a go-fast vessel (GFV) crewed by the defendant and his co-defendants, in the international waters of the eastern Pacific Ocean, attempting to smuggle over 450 kilograms of cocaine from South America into Central America.

The defendant admitted and stipulated that he and his coconspirators were detected in international waters and attempted to evade law enforcement while jettisoning packages of cocaine. Doc. 84, at ¶¶ 11-12. A Coast Guard helicopter fired warning shots at the GFV and the vessel ultimately stopped, though the defendant and his coconspirators were further observed jettisoning what appeared to be personal items. *Id*. at ¶ 12.

A search of the debris field resulted in the seizure of 62 bales of a substance that field-tested positive for cocaine, and the total approximate weight of the seized contraband was 1,266 kilograms. *Id*. at ¶ 14. Final laboratory results remain pending due to the backlog of drug exhibits needing analysis across the country; however, the amount seized was substantially in excess of 450 kilograms and there is no objection to Probation's base offense level calculation.

## GUIDELINE CALCULATIONS, MANDATORY MINIMUM PENALTIES & SENTENCING RECOMMENDATION

In the PSR, the United States Probation Office ("USPO") determined that the defendant's applicable guideline range is 210-262 months' imprisonment based on the defendant being the captain of the GFV and the conspiracy involving more than 450 kilograms of cocaine. This range also accounts for a three (3) level downward adjustment for acceptance of responsibility and no adjustment for the "safety valve" provision found in USSG §5C1.2. There are no objections to the PSR. Doc. 97, at 15. Count One carries a mandatory minimum term of imprisonment of 10 years. 21 U.S.C. § 960 (b)(1)(B)(ii).

For the reasons articulated below, the United States contends that the guideline calculations contained in the defendant's PSR are correct and that the defendant is not eligible for a sentence below the mandatory minimum in accordance with the statutory safety valve.

### § 5C1.2 & 18 U.S.C. § 3553(f):  Safety Valve

A defendant can be eligible for a two-level reduction in his applicable guideline range if he satisfies five criteria. USSG §5C1.2. At issue in this case is the fifth and final provision, that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan…." *Id.* at § 5C1.2(a)(5).

Section 5C1.2(a)(5) is a "'tell-all' provision: to meet its requirements, the defendant has an affirmative responsibility to 'truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.'" *United States v. Johnson*, 375 F.3d 1300, 1302 (quoting *United States v. Yate*, 176 F.3d 1309, 1310 (11th Cir. 1999)). The defendant bears the burden of coming forward and truthfully divulging information about himself and "information relating to the involvement of others and to the chain of the narcotics distribution." *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).

According to Reina Escobar's statements to law enforcement, he was a boat captain who, on January 26, 2021, was asked to transport a mechanic to a stranded vessel about 120 nautical miles off the coast of Colombia. The next day, Reina

Escobar and his two codefendants were tasked with traveling to the stranded vessel. The crew left at dusk and arrived at about 1:00 am the following morning. There, Reina Escobar and the codefendants found three men onboard a vessel containing suspected contraband. All three of the men on the stranded vessel had guns and, after one of them placed a call on a satellite phone, told the defendants that they had to transport the contraband to specific coordinates and leave the contraband at sea. Reina Escobar and his coconspirators agreed to do so, and their smuggling trip was ultimately interdicted.

Reina Escobar's statement plainly describes a situation where he acted under duress when undertaking the smuggling trip. This cannot be reconciled with his guilty plea pursuant to a plea agreement where he admitted that he was involved in a drug conspiracy. If he was traveling to a location with the intention of fixing a stranded vessel and was then ordered to undertake a smuggling trip while at sea upon the order of a man with a gun, he lacked the requisite intent to knowingly conspire to possess with intent to distribute a controlled substance while on a vessel subject to the jurisdiction of the United States. Either Reina Escobar was a knowing participant in the conspiracy, or he was not. Based on the fact that Reina Escobar has already admitted while under oath to being a member of the conspiracy, his safety valve proffer is not a full "tell-all" of all information and evidence that he has about the offense and all relevant conduct.

## CONCLUSION

Based on the foregoing, the United States respectfully requests that this Honorable Court apply the sentencing guidelines as calculated in the defendant's PSR. The United States will make a more detailed sentencing recommendation to the Court based on the evidence presented at the sentencing hearing and the relevant factors detailed in 18 U.S.C. § 3553(a).

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     */s/ Daniel M. Baeza*
Daniel M. Baeza
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:    (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Defense Counsel of Record

> */s/ Daniel M. Baeza*
> Daniel M. Baeza
> Assistant United States Attorney
> USAO No. 164
> 400 N. Tampa Street, Suite 3200
> Tampa, Florida 33602-4798
> Telephone:     (813) 274-6000
> Facsimile:     (813) 274-6358
> E-mail: Daniel.Baeza@usdoj.gov