UNITED STATES OF AMERICA

v.                                      Case No.: 8:21-CR-42-MSS-AAS

ALEXANDER APRILLA SANCHEZ

_____ /

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW, the Defendant, Alexander Aprilla Sanchez, through undersigned counsel and pursuant to U.S.S.G. §2D1.1(b)(18), 2D1.1, and 18 U.S.C. §3553(a), and hereby files this Sentencing Memorandum supporting a reasonable sentence, which is not greater than necessary to accomplish the purposes of sentencing, as enumerated in 18 U.S.C. §3553(a)(2). Mr. Aprilla Sanchez requests a sentence of 120 months, the mandatory minimum in this case. As grounds in support thereof, Mr. Aprilla Sanchez shows:

## I.      History and Characteristics

Mr. Aprilla Sanchez is 33 years old, and grew up in El Choco, Columbia, a very remote part of the country. His father abandoned the

family when he was 10 years old. He left school then in the fifth grade and began fishing full time to support his mother and four (4) maternal siblings. His entire world had collapsed with the abandonment of his father, but he fulfilled his familial responsibility despite his tender age. He would see his father when he visited him at his farm. But his father never provided any financial support.

Children who are abandoned by a parent do not easily escape the trauma. Those children experience high rates of mental disorders, including PTSD, depression, anxiety, behavioral problems, and attention deficit hyperactivity disorder, and functional impairment.

At age 18, he moved from El Choco to Buenaventura because the fishing was better. He lived there from 2006 to 2013 but moved due to extortion from paramilitary groups and the ensuing violence. He now lives in Cali, Columbia with his wife and three (3) children. Until his arrest he was the sole support for his family including his mother. He works as a fiberglass mechanic on small boats. Boats that are smaller than the typical go-fast vessels. He took this trip because business at the shop where he was

employed was slow, he owed money, and needed money for his family expenses.

## II. Guideline calculations

Mr. Aprilla Sanchez's Presentence Investigation Report (PSR) lists his base offense level as a 38, under U.S.S.G. §2D1.1(c)(1). The PSR listed no other enhancements. The PSR then subtracted 3 levels for acceptance of responsibility and a timely plea under U.S.S.G. § 3E1.1(a) and (b), with an offense level of 35. Mr. Aprilla Sanchez is in Criminal History Category I, with no prior criminal history. The PSR calculates his advisory guideline range as 168 months to 210 months.

However, the PSR erroneously did not subtract two (2) levels for minor role under U.S.S.G. §3B1.2. Defense counsel filed timely objection to the PSR, based on minor role not being applied. With a minor role reduction, the total offense level would be 29 and the guideline range 120 months.

**Minor Role Reduction**

Mr. Aprilla Sanchez submits that he should receive a reduction for minor role in the offense. Under U.S.S.G. §3B1.2, a defendant who is a minor participant in a criminal activity is permitted to receive a **two-level** reduction in his guideline's calculation.

Application Note 3(C) to §3B1.2 provides a non-exhaustive list of factors for the court to consider in determining whether to apply a mitigating role adjustment and, if so, the amount of the adjustment. The factors direct the court to consider:

> (1) the degree to which the defendant understood the scope and Structure of the criminal activity;
>
> (2) The degree to which the defendant participated in planning or organizing the criminal activity;
>
> (3) The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (4) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
>
> (5) the degree to which the defendant stood to benefit from the

criminal activity.

The guidelines' commentary specifically highlights Mr. Aprilla Sanchez's position: a person whose participation level in a drug trafficking offense is confined to transporting the drugs. Under the facts of this case, Mr. Aprilla Sanchez was not privy to the scope or structure of the drug activity.

Notably, Mr. Aprilla Sanchez was not the captain or the lo-guard. He was not a leader or organizer of this activity, and he did not participate in any of the planning or decision making. He was not involved in the manufacture or loading of the drugs. He had no say in the origin of the drugs or their destination. He did not recruit other members, nor did he participate in the sales negotiations, or handle any monies. He did not purchase or retail the drugs, nor did he receive a percentage of the profits from the transaction.

Because Mr. Aprilla Sanchez qualifies for a mitigating role under U.S.S.G. §3B1.2(b), he would also qualify for an additional reduction under §2D1.1(a)(5) of the United States Sentencing Guidelines. In addition, combining this reduction along with the mitigating role reduction is

permitted for this offense. *See* Comment 6 to §3B1.2 of the United States Sentencing Guidelines.

Section 2D1.1(a)(5) provides:

the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level **32**, decrease by **2** levels; (ii) level **34** or level **36**, decrease by **3** levels; or (iii) level **38**, decrease by **4** levels. If the resulting offense level is greater than level **32** and the defendant receives the **4**-level ("minimal participant") reduction in §3B1.2(a), decrease to level **32**.

Because Mr. Aprilla Sanchez's base offense level is 38, as specified in the Drug Quantity Table set forth in subsection (c), he qualifies for a **four-level** reduction under §2D1.1(a)(5)(B)(iii) of the United States Sentencing Guidelines. The resulting total offense level is 29 with a guideline range of 120 months.

**III. Request for a Variance - History and Characteristics**

Mr. Aprilla Sanchez had a traumatic upbringing. He undertook the trip and risk because he needed the money. He understands that his decision to make the trip has kept him from the very family he wanted to support. He shouldered the responsibilities of an adult while a mere 10 years old. He

supported his family, quit school, and performed strenuous and exhausting work.

He wants to use whatever time he has in custody to finally receive an education and to work and send money home. He is interested in carpentry, welding, and masonry but his primary focus is sending money home.

Given the arguments above and his history and characteristics, undersigned requests a sentence of 120 months.

## CONCLUSION

For the reasons stated herein, Mr. Aprilla Sanchez, respectfully urges this Court to consider a sentence of 120 months in custody. The mandatory minimum which is also the guideline sentence is minor role is applied will be reasonable and will adequately consider the disparities from the advisory

guideline range and the factors set forth at 18 U.S.C. § 3553(a), resulting in a

fair and just punishment.

Respectfully submitted,

A. FITZGERALD HALL
FEDERAL DEFENDER

/sKathleen M. Sweeney
Kathleen M. Sweeney, Esq.
Assistant Federal Defender
Ind. Bar#: 2192-49
400 North Tampa Street, Suite 2700
Tampa, FL. 33602
Tel.:   (813) 228-2715
Fax:   (813) 228-2562
Email: Kathleen_sweeney@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2022, a true copy of the

foregoing was filed with the Clerk of the Court using the CM/ECF system,

which will send a notice of the electronic filing to:

Daniel Baeza, AUSA

/s Kathleen M. Sweeney
Kathleen M. Sweeney, Esq.
Assistant Federal Defender